UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

JUAN RIVERA
aka JAZIAH RIVERA

     Plaintiff,

v.

RUE21, INC.
d/b/a UNIVERSITY OF MIAMI
HOSPITAL,

     Defendant,

_____/

## **COMPLAINT**

The Plaintiff JUAN RIVERA aka JAZIAH RIVERA, by and through undersigned counsel, hereby sues Defendant RUE21, INC. on the grounds set forth herein.

### INTRODUCTION

1. This is an action by Plaintiff under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to Plaintiff by the Defendant's discriminatory treatment and retaliation on the basis of Sex.

### JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees and costs.

3. This action is authorized and instituted pursuant to The Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

5. The venue of this action is properly placed in the Middle District of Florida, Fort Myers Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Lee County, within the jurisdiction of this Honorable Court.

<u>PARTIES</u>

6. Plaintiff JUAN RIVERA aka JAZIAH RIVERA is a resident of Lee County, who was employed by Defendant RUE21, INC. and he is a member of certain protected classes of persons.

7. Corporate Defendant RUE21, INC. (hereinafter RUE21, INC. or Defendant), is a Foreign profit corporation authorized to conduct business in the State of Florida, in Lee County, Florida, and within the jurisdiction of this Court. Defendant conducts business under the name of RUE21, INC.

8. During all relevant times Defendant RUE21, INC. has continuously been employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

9. At all relevant times Defendant RUE21, INC. has continuously employed 15 or more persons.

## PROCEDURAL REQUIREMENTS

10. All conditions precedent to this action has been fulfilled. On or about May 04, 2016, Plaintiff JUAN RIVERA aka JAZIAH RIVERA dual-filed his Charge of Discrimination with the EEOC, and with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about March 18, 2019, after "Conciliation Failure" the Equal Employment Opportunity Commission (EEOC) issued to Plaintiff a "Notice of Right to Sue" with respect to such charge of discrimination. The present Complaint is being filed within the 90 days from the date Plaintiff received the "Notice of "Right to Sue". *See* **composite Exhibit "A."**

## STATEMENT OF FACTS

11. Defendant RUE21, INC., is a specialty apparel retailer specialized in fashion trends for young people. The company operates hundreds of stores throughout the United States.

12. Defendant RUE21, INC. hired Plaintiff JUAN RIVERA aka JAZIAH RIVERA on or about November 2014. Plaintiff was hired with the name of Juan M. Rivera.

13. Plaintiff was hired as a part-timer by manager Joan Mele. Plaintiff is a male whose self-identity does not conform to conventional notions of male or female stereotyping.

14. Plaintiff was an hourly employee, earning approximately $10.50 an hour.

15. Throughout his employment with the Defendant, Plaintiff performed his duties in an exemplary fashion.  Plaintiff possessed all the required skills, training and qualifications for the job in question. Plaintiff performed his duties successfully without significant issue or controversy. Plaintiff never had performance issues and he never had a write up.

16. On or about April 2015, due to his excellent qualifications, Plaintiff was promoted to sales associates and then, to assistant manager.

17. However, very soon everything changed for Plaintiff. He began to experience unlawful discrimination on basis of his Sex.

18. The perpetrators were co-workers Darian Perez (female) and Anthony Vega (male) who began to harass Plaintiff on basis of his sex.

19.  Co-workers Darian Perez, and Anthony Vega disrespected and humiliated Plaintiff on daily basis.  They called Plaintiff names, they referred to Plaintiff as "he/she", "worthless", and "waste of payroll" and unbelievable vulgarities, all in front of customers, and other employees.

20. Plaintiff complained about the discriminatory harassment he was suffering to the manager at that time Joan Mele, who informed District Manager Dawn Graham.

21. Nevertheless, nothing changed for Plaintiff.  Apparently, nobody cared about Plaintiff's discrimination and harassment.

22. After manage Joan Mele left, everything deteriorated even further for Plaintiff.

23. Plaintiff suffered increased harassment and daily humiliation because he did not conform with gender stereotypes.

24. Plaintiff complained about the harassment directly to District Manager Dawn Graham, who requested Plaintiff "to be patient", and nothing was done.

25. The derogatory treatment for Plaintiff, the humiliation of Plaintiff work, continued. Darian Perez and Anthony Vega sabotaged Plaintiff's work purposely. These employees left the store in disarray, so Plaintiff had to spend his time cleaning up rather than focus on selling products.

26. The continuous harassment created a hostile working environment for Plaintiff. Plaintiff suffered daily pain, anxiety, depression and he was not able to tolerate this treatment any longer.

27. Plaintiff confronted his harassers Darian Perez and Anthony Vega, and then he complained about the discriminatory treatment and harassment to the new store manager.

28. The new store manager Christine Purde incredibly did not pay any attention and told Plaintiff: "Handle it yourself".

29. Plaintiff contacted and complained again to District Manager Dawn Graham and informed her about all his ordeal.

30. Plaintiff did not obtain any relief. On the contrary, he suffered more retaliatory harassment. Plaintiff also he suffered the reduction of his working hours. Plaintiff's working hours were reduced from 36 a week down to 16 hours per week.

31. On or about October 22, 2015, after one more incident with Darian Perez, in which Plaintiff was disrespected, diminished and humiliated, Plaintiff informed store manager Christine Purde that he could not take the discrimination and harassment anymore and he was presenting his two weeks-notice to resign from his work. Store

manager Christine Purde answered: "Don't worry about a two weeks-notice, today will be your last day and after your shift, turn in your keys".

32. During the time Plaintiff was employed by the Defendant, Plaintiff was subjected to unlawful acts of discrimination, and was further subjected to different terms and conditions of employment.  Plaintiff engaged in protected activity.

33. On or about October 22, 2015, Plaintiff was forced to resign from his position and Plaintiff's resignation, was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complaints of unlawful discrimination and harassment in violation of both Federal and State Laws.

34. Moreover, Plaintiff's forced termination constituted a retaliatory a retaliatory constructive discharge. No reasonable person could continue working under such detrimental conditions.

35. This retaliatory constructive discharge came just in temporal proximity after Plaintiff's last participation in protected activity.

## COUNT I:
## VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964:
## DISCRIMINATION BASED ON SEX: GENDER STEREOTYPING

36. Plaintiff JUAN RIVERA AKA JAZIAH RIVERAre-adopts every factual allegation as stated in paragraphs 1-35 above as if set out in full herein.

37. At all times material hereto, the Employer/Defendant RUE21, INC. failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to:  (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any

individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

38. The discrimination of Plaintiff JUAN RIVERA AKA JAZIAH RIVERA by Defendant RUE21, INC. was caused by Defendant being aware of Plaintiff's failure to conform to gender stereotypes.

39. Defendant's decision to discriminate against Plaintiff JUAN RIVERA AKA JAZIAH RIVERAwas because of Plaintiff's failure to conform to gender stereotypes.

40. At all relevant times, including the time of discrimination, Defendant RUE21, INC. was aware that Plaintiff JUAN RIVERA AKA JAZIAH RIVERA did to conform to gender stereotypes.

41. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by the Defendant.

42. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

43. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

44. Defendant RUE21, INC. through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected

rights, discriminated against Plaintiff JUAN RIVERA AKA JAZIAH RIVERA on account of his failure to conform to gender stereotypes, in violation of the Act.

45.  Plaintiff JUAN RIVERA AKA JAZIAH RIVERA was wrongfully terminated by the Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's failure to conform to gender stereotypes.

46. Defendant, RUE21, INC. is subject to vicarious liability for the actions of its agents, because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

47. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff JUAN RIVERA AKA JAZIAH RIVERA suffered serious economic losses as well as mental pain and suffering.

48. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant RUE21, INC. is a mere pretext for the actual reasons for the termination from employment, Plaintiff's failure to conform to gender stereotypes, and complaints related to the unlawful acts of discrimination and harassment.

49. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their failure to conform to gender stereotypes. Discrimination based on Gender Stereotyping constitutes unlawful discrimination.

50. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff JUAN RIVERA AKA JAZIAH RIVERA respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant RUE21, INC., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Gender Stereotyping.

B. Reinstate Plaintiff JUAN RIVERA AKA JAZIAH RIVERA to the same position he held before the discriminatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff JUAN "JAZ" RIVERA,

D. Order Defendant RUE21, INC., to make Plaintiff JUAN RIVERA AKA JAZIAH RIVERAwhole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation resulting from the employment discrimination suffered.

E. Award a money judgment representing prejudgment interest.

F. Award any other compensation allowed by law including punitive damages,

G. Award attorney's fees and costs.

JURY TRIAL DEMAND

Plaintiff JUAN RIVERA AKA JAZIAH RIVERAdemands a trial by jury on all issues triable as of right by a jury.

## COUNT II:
## VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964;
## RETALIATORY CONSTRUCTIVE DISCHARGE

51. Plaintiff JUAN RIVERA AKA JAZIAH RIVERA re-adopts every factual allegation as stated in paragraphs 1-35 above as if set out in full herein.

52. Defendant RUE21, INC. hired Plaintiff JUAN RIVERA AKA JAZIAH RIVERAon or about November 2014. Plaintiff was hired with the name of Juan M. Rivera.

53. Plaintiff was hired as a part-timer by manager Joan Mele. Plaintiff is a male whose self-identity does not conform to conventional notions of male or female stereotyping.

54. Plaintiff was an hourly employee, earning approximately $10.50 an hour.

55. At all times material hereto, the Employer/Defendant RUE21, INC. failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*."  42 U.S.C. § 2000e-3(a) (emphasis added).

56. Defendant, RUE21, INC. is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to

retaliate against employees who oppose or participate in statutorily protected activity.

57. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

58. Defendant RUE21, INC., through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff JUAN RIVERA AKA JAZIAH RIVERA on account of Plaintiff's complaints of Discrimination and harassment because he failed to conform to gender stereotypes.

59. Plaintiff complained and denounced the unlawful discrimination and harassment perpetrated by co-workers, Darian Perez and Anthony Vega. Plaintiff complained many times with his superiors

60. Defendant RUE21, INC. did not investigate Plaintiff's complaint of discrimination and harassment on basis of Gender Stereotyping. Instead, Defendant RUE21, INC. summarily and wrongfully terminated Plaintiff in retaliation for his complaints.

61. On October 22, 2015, Plaintiff was constructively discharge by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complaints of unlawful discrimination and harassment in violation of Federal Laws.

62. Moreover, Plaintiff's constructive discharge came just in temporal proximity after Plaintiff's participation in protected activity.

63. Plaintiff's protected activity resulted in retaliatory adverse actions that altered the terms, conditions and privileges of Plaintiff's employment.

64. Plaintiff JUAN RIVERA AKA JAZIAH RIVERAPLAINTIFF was constructively discharge by Defendant RUE21, INC. was directly and proximately caused by Plaintiff's complains about unlawful discrimination.

65. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff JUAN RIVERA AKA JAZIAH RIVERA suffered serious economic losses as well as mental pain and suffering.

66. Any alleged nondiscriminatory reason for the constructive discharge of Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of discrimination and harassment on basis of Gender Stereotyping.

67. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their failure to conform to gender stereotypes, and retaliation due to his complaints of unlawful discrimination.   Retaliation based on having engaged in protected activity constitutes unlawful retaliation.

68. As a result of the retaliation, Plaintiff JUAN RIVERA AKA JAZIAH RIVERA has incurred substantial monetary losses and has suffered emotional distress, embarrassment and humiliation.

69. At the time that Plaintiff JUAN RIVERA AKA JAZIAH RIVERA reported the discrimination and harassment to his supervisors, Plaintiff was terminated without good cause and in violation of the anti-retaliation provision of Title VII.

70. Defendant RUE21, INC.'S acts, through its agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

71. Defendant RUE21, INC., is subject to vicarious liability for the actions of its agents, because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

72. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff JUAN RIVERA AKA JAZIAH RIVERA respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant RUE21, INC., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which constitutes unlawful retaliation for having engaged in protected activity, and;

B. Reinstate Plaintiff JUAN RIVERA AKA JAZIAH RIVERA to the same position he held before the retaliatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant RUE21, INC. to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation due to the discrimination of Plaintiff and due to the retaliatory discharge;

E. For a money judgment representing prejudgment interest;

F. Award any other compensation allowed by law including compensatory damages, punitive damages, and attorneys' fees and costs.

<u>JURY TRIAL DEMAND</u>

Plaintiff JUAN RIVERA AKA JAZIAH RIVERA demands a trial by jury on all issues triable as of right by a jury.

<u>**COUNT III:**</u>
<u>**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760:**</u>
<u>**DISCRIMINATION BASED ON SEX: GENDER STEREOTYPING**</u>

73. Plaintiff JUAN RIVERA AKA JAZIAH RIVERA re-adopts every factual allegation as stated in paragraphs 1-35 and above as if set out in full herein.

74. At all times material hereto, the Employer/Defendant RUE21, INC. failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

    *"It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race,* color, *religion, sex, national origin, age, handicap, or marital status"*

75. The discrimination of Plaintiff JUAN RIVERA AKA JAZIAH RIVERAPLAINTIFF by Defendant was caused by Defendant being aware of Plaintiff's failure to conform to gender stereotypes.

76. Defendant's decision to discriminate against Plaintiff JUAN RIVERA AKA JAZIAH RIVERA was because of Plaintiff' failure to conform to gender stereotypes.

77. At the time of the unlawful discrimination, the Plaintiff did perform and excel at the performance of the essential functions assigned to him by the Defendant.

78. The Plaintiff was qualified for the position apart from his apparent failure to conform to gender stereotypes.

79. The Plaintiff was discriminated against by RUE21, INC. because of his Sex.

80. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

81. The failure of Defendant RUE21, INC. to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

82. Defendant RUE21, INC., through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff JUAN RIVERA AKA JAZIAH RIVERA on account Gender Stereotyping in violation of the Act.

83. Plaintiff JUAN RIVERA AKA JAZIAH RIVERA was wrongfully terminated by the Defendant RUE21, INC., and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's failure to conform to gender stereotypes.

84. Defendant RUE21, INC., is subject to vicarious liability for the actions of its agents, because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

85. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff JUAN RIVERA AKA JAZIAH RIVERA suffered serious economic losses as well as mental anguish, humiliation, and pain and suffering.

86. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant RUE21, INC. is a mere pretext for the actual reasons for the termination from employment, Plaintiff's failure to conform to

gender stereotypes, and complaints related to the unlawful acts of discrimination and harassment.

87. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to Gender Stereotyping.  Discrimination based on Gender Stereotyping constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

88. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff JUAN RIVERA AKA JAZIAH RIVERA respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant RUE21, INC., its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates based on Gender Stereotyping;

B. Reinstate Plaintiff JUAN RIVERA AKA JAZIAH RIVERA to the same position held before the retaliatory personnel action, or to an equivalent position;

C. Reinstate full fringe benefits and seniority rights to Plaintiff;

D. Order Defendant RUE21, INC. to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for mental pain, anguish, pain and humiliation;

E. For a money judgment representing prejudgment interest;

F.  Award any other compensation allowed by law including punitive damages, attorney's fees (448.104) and further demands a trial by jury on all issues so triable.

<u>JURY TRIAL DEMAND</u>

Plaintiff JUAN RIVERA AKA JAZIAH RIVERA demands a trial by jury on all issues triable as of right by a jury.

**<u>COUNT IV:</u>**
**<u>VIOLATION OF FLORIDA CIVIL RIGHTS ACT,</u>**
**<u>CHAPTER 760, FLORIDA STATUTES;</u>**
**<u>RETALIATORY COSNTRUCTIVE DISCHARGE</u>**

89. Plaintiff JUAN RIVERA AKA JAZIAH RIVERA re-adopts every factual allegation as stated in paragraphs 1-35 and 73-88 of this Complaint as if set out in full herein.

90. This is an action against Defendant RUE21, INC. for unlawful retaliation under the Florida Civil Rights Act, Chapter 760, Fl Statutes, (FCRA).

91. The FCRA contains an anti-retaliation provision, forbidding employers from retaliating, or from taking adverse personnel action against, those employees who exercise their lawful and protected rights under the Act.

92. The FCRA, *Fla. Stat. Section 760.10,* (7) reads in applicable part, as follows:

> *"It is an unlawful employment practice for an employer, an employment agency, a joint labor management committee, or a labor organization to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section".*

93. Plaintiff is a member of a protected class under Title VII and the Florida Civil Rights Act because of Gender Stereotyping, and because of his participation in protected activities within the meaning of the Florida Civil Rights Act.

94. Plaintiff JUAN "JAZ" RIVERA, while working for Defendant RUE21, INC., was subjected to discrimination and harassment based on Gender Stereotyping.

95. Plaintiff reasonably engaged in protected activity and complained and denounced the unlawful discrimination and harassment perpetrated by co-workers Darian Perez and Anthony Vega.  Plaintiff complained many times with his superiors.

96. Defendant RUE21, INC. did not investigate Plaintiff's complaints of discrimination and harassment on basis of Gender Stereotyping.  Instead, Defendant RUE21, INC. summarily and wrongfully constructively discharged Plaintiff in retaliation for his complaints.

97. On or about October 22, 2015, Plaintiff was constructively discharged by the Defendant, and Plaintiff's termination was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because of his complaints of unlawful discrimination and harassment in violation of State Laws.

98. Moreover, Plaintiff's termination came just in temporal proximity after Plaintiff's participation in protected activity.

99. Plaintiff's protected activity resulted in retaliatory adverse actions that altered the terms, conditions and privileges of Plaintiff's employment.

100. Plaintiff JUAN RIVERA AKA JAZIAH RIVERA was fired by Defendant RUE21, INC. and the termination was directly and proximately caused by Plaintiff's complains about unlawful discrimination.

101. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff JUAN RIVERA AKA JAZIAH RIVERA suffered serious economic losses as well as mental pain and suffering.

102. Any alleged nondiscriminatory reason for terminating Plaintiff asserted by the Defendant RUE21, INC. is a mere pretext for the actual reasons for termination, Plaintiff's complaints of discrimination and harassment on basis of his failure to conform to gender stereotypes.

103. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to Gender Stereotyping and retaliation due to his complaints of unlawful discrimination. Retaliation based on having engaged in protected activity constitutes unlawful retaliation.

104. As a result of the retaliation, Plaintiff JUAN RIVERA AKA JAZIAH RIVERAhas incurred substantial monetary losses and has suffered emotional distress, embarrassment and humiliation.

105. Defendant RUE21, INC.'S acts, through their agents, were done with malice and reckless disregard for Plaintiff's State protected civil rights.

106. Defendant RUE21, INC. is subject to vicarious liability for the actions of its agents, because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

107. As a direct and proximate result of the actions and omissions of Defendant, Plaintiff has suffered injury and losses including a violation of his statutory rights.

108. Plaintiff has no plain, adequate, or complete remedy at law.  Plaintiff is still suffering, and will continue to suffer, irreparable injury in the form of psychiatric and psychological harm, extreme emotional distress, emotional pain, mental anguish and humiliation, loss of dignity, loss of enjoyment of life, loss of past and future wages and an inability to earn wages in the future. These losses are continuing and will continue in the future.

109. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff JUAN RIVERA AKA JAZIAH RIVERA respectfully requests that this Court order the following;

A. Grant a permanent injunction enjoining Defendant RUE21, INC. its officers, successors, assigns and all persons in active concert or participation with it, from engaging in further discriminatory and retaliatory practice in violation of the FCRA, Fla. Stat. Section 760.10, (7);

B. Award Plaintiff a judgment against the Defendant RUE21, INC. for compensatory damages as determined by the Trier of fact;

C. Award Plaintiff restitutionary damages including back pay, front pay, liquidated damages, any "Employee Welfare Benefits" and retirement benefits for the time Plaintiff should have worked absent Defendant's discriminatory treatment;

D. Enter Judgment for Punitive damages against Defendant RUE21, INC.;

E. Award all reasonable Attorney's fees and costs incurred in connection with this action; and any other and further relief as justice may require.

<u>JURY TRIAL DEMAND</u>

Plaintiff JUAN RIVERA AKA JAZIAH RIVERA demands a trial by jury on all issues

triable as of right by a jury.

Dated: June 19, 2019

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*